JANUARY TERM, 1883, No. 250.        JANUARY 11, 1884.

## Morio's Appeal.

1. A master who has found that there was nothing in the testimony to sustain the bill as it was filed should report a decree dismissing it.

2. The master has no authority to go outside of the bill and raise and decide questions which were not presented by the pleadings, upon which the parties were never heard by testimony or by counsel, and report a decree entirely foreign to the whole subject of the contention before him.

3. A testator devised his real estate to his widow for life, with remainder to his son. The son, who was a man of drinking habits, but whose mental capacity was not impaired, afterwards became indebted to his mother for borrowed money, and executed to a third person for her a bond and mortgage upon the real estate for $4.000, in which the mother joined. The mortgage was then immediately assigned to the mother. The real estate was afterwards sold by the sheriff under foreclosure proceedings upon the mortgage, and was bought in for her benefit. The mother, as executrix of testator, was adjudged to have about $2,300 in her hands, to which the son would be entitled upon her death, and the orphans' court had ordered her to enter security therefor, in default of which she was discharged as executrix. A bill in equity was filed by the son's widow against the widow of testator and the assignee of the mortgage, praying for an injunction to restrain the sheriff from delivering a deed for the property, and for the cancellation of the mortgage, on the ground that it was given to defraud her of her dower in the land. The bill contained no prayer for general relief, and the master found that there was no fraud in the giving of the mortgage. The court below ordered that the sale under the judgment on the mortgage should be set aside, that the mortgage should only be held as security for $2,000, and that the plaintiff should be restrained from issuing any further execution on the judgment until the entry of security by her for the proper application of the proceeds of the execution, &c. *Held,* to be error, the court having no jurisdiction in this proceeding to make any part of the decree. *Held, further,* that such a decree should not be made in a proceeding which did not raise such questions, and as to which the parties were never heard.

4. The court in which the judgment on the mortgage was obtained has full power to determine how much was due on the mortgage.

5. The orphans' court is the proper tribunal to make whatever order may be necessary to enforce its own decrees.

Before MERCUR, C. J.; GORDON, TRUNKEY. PAXSON, STERRETT, GREEN, and CLARK, JJ.

Appeal of Henry Morio and Elizabeth Morio from the decree of the Court of Common Pleas, No. 2, of *Philadelphia County,* reducing the amount and restraining proceedings upon an alleged fraudulent mortgage.

Bill in equity filed by Theresa A. Morio against Henry Morio and Elizabeth Morio, setting forth, *inter alia,* as follows :

[Morio's Appeal.]

*First.* That Peter Morio, Sr., in 1874, died, owning the property described in the contested mortgage.

*Second.* That he devised said property to his widow, Elizabeth Morio, for life, and at her death to his son, Peter J. Morio. He appointed his widow executrix.

*Third.* That Peter J. Morio died July 5, 1877, leaving said Theresa A. Morio, his widow, sole devisee ; she thus becoming entitled to the estate in remainder left by Peter Morio, Sr., after the death of Elizabeth Morio..

*Fourth.* Alleges waste on part of life tenant.

*Fifth.* That the said Peter J. Morio, about two years before his death, to wit: on the 23d day of July, A. D. 1875, at a time when he was very unkind to your oratrix, while under the influence of his mother, and influenced by her, and while being incapable of resisting said influence, joined with the said Elizabeth Morio in a mortgage for $4,000, upon said described premises, to Joseph Leibrand, without one farthing of consideration, with the intent thereby to defraud your oratrix of her interest and dower in said real estate. That the said Joseph Leibrand, on the same day last aforesaid, assigned and transferred said mortgage to said Elizabeth Morio ; that the said Peter J. Morio, at the time of his death, declared that said mortgage was created without consideration, and for the purpose of defrauding your oratrix of her dower, and of all her rights in said property, and he expressed his sorrow for the act and called the said Elizabeth Morio to cancel said mortgage, which she refused to do, and he died before he could procure its cancellation.

*Sixth.* That Elizabeth Morio has assigned the mortgage to Henry Morio, who has foreclosed it without notice to said Theresa A. Morio, and had it bought in at sheriff's sale for her benefit. That the proceedings and sale were so conducted as to keep them from her knowledge, and with the intent to defraud her out of her estate in remainder in the property. '

*Seventh.* That the orphans' court has discharged Elizabeth Morio from her office as executrix of Peter Morio, Sr., estate.

The bill prayed :

*First.* That an injunction be issued against the sheriff from delivering a deed for the property sold under the judgment of Henry Morio on the fraudulent mortgage.

*Second.* That the mortgage be decreed fraudulent and void, and be delivered up for cancellation.

The bill, answer, and testimony taken thereunder were

referred to Edward R. Worrell, as master, who found the following facts :

*First.* That upon the death of Peter Morio, to wit, the 25th day of April, 1874, Elizabeth Morio, his widow, took under his will, a life estate in the premises described in the bill with remainder to their son, Peter J. Morio, (now deceased,) of whom the plaintiff is the widow and sole devisee.

*Second.*. That on the 22d day of July, 1875, the said Elizabeth Morio and the said Peter J. Morio executed the mortgage in issue to Joseph Leibrand, who paid no consideration therefor, and who immediately assigned the same to the said Elizabeth Morio.

*Third.* That the said mortgage accompanied the joint bond of Elizabeth Morio and Peter J. Morio to the said Joseph Leibrand, conditioned for the payment of the sum of $4,000.

*Fourth.* That, at the time the mortgage was assigned, the said Peter J. Morio was indebted to his mother for borrowed money, the amount of which, however, was not proven, as the mother claimed that the mortgage was a gift to her, and had no moneyed consideration to support it.

*Fifth.* That Peter J. Morio was a man of drinking habits, but that his mental capacity was not impaired, nor was he unduly or improperly influenced by his mother.

*Sixth.* That the mortgage in issue was the intelligent act of Peter J. Morio while he was entirely sober, and that he was not influenced by his mother, to or in its execution.

*Seventh.* That the mortgage was a gift and not a security for Peter J. Morio's indebtedness to his mother.

*Eighth.* That there is no evidence to support the charge of waste, &c., contained in paragraph four of the bill.

*Ninth.* That the defendant, Henry Morio, paid no consideration for the assignment to him, and he holds the mortgage as trustee for Elizabeth Morio.

The master reported as follows :

"The testimony that the mortgage was a gift, is not as satisfactory as might be desired, but is, perhaps, of little importance in view of the fact that the single ground on which the mortgage is attacked by the plaintiff fails entirely to be sustained by the testimony ; the weakness of the defendants' evidence cannot be the basis of a decree against them.

The equitable jurisdiction of the court attached under the charge of waste and the prayer for a receiver, or

[Morio's Appeal.]

otherwise the master would have dismissed the bill without prejudice and left the parties to their remedy at law under the *scire facias* issued upon the mortgage.

The plaintiff having failed to defeat the mortgage, a question presents itself to the master which was not raised by either of the parties, to wit: for what amount of the debt named in the bond can the mortgage be held as security? The master is of the opinion that it cannot be a security for more than $2,000, and that Elizabeth Morio cannot collect under it the sum of $4,000, for which she is jointly liable; that she cannot use the mortgage to compel her coöbligor to pay, individually and in full, an indebtedness created by their joint bond.

The master is of opinion that the case is a proper one for the application of the doctrine of contribution.

It was shown before the master that Elizabeth Morio, as executrix of Peter Morio, deceased, had been adjudged by the orphans' court of Philadelphia to be in default in the sum of about $2,300, which amount Mr. Moyer claimed should be applied to the payment of the mortgage in issue; the master is, however, of opinion that the enforcement of the decree of the orphans' court must properly rest with that court, and that in this proceeding no decree could be made which would exempt the executrix from the process of the court having exclusive jurisdiction over her accounts.

The master is of the opinion that, under all the circumstances, the sheriff's sale, under the mortgage, should be set aside, and that the assessment of damages should be corrected with the views herein expressed, before an alias execution should issue."

The defendants' counsel filed exceptions to the master's report, which were dismissed by the Court below, MITCHELL, J., delivering the following opinion:

"We see no ground to disturb the master's finding that the mortgage in question was a gift by Peter J. Morio to his mother, and that it was his voluntary and intelligent act. The master has reported, however, that the mortgage being the joint act of Peter and his mother, she is equally bound by it, and cannot now enforce it against his estate for more than one half its nominal amount. While it may be doubtful whether this conclusion can be sustained technically on the ground of contribution, it is nevertheless quite clear that Peter, having the reversion, joined his mother, who had the life estate, with the purpose of making a good mortgage of the fee for $4,000. For this purpose, the parties appear to have treated the

[Morio's Appeal.]

life estate and the reversion as equal in value, and all that Peter intended to pledge was his portion. The clear intent of Peter, therefore, was to make a gift of his half of the mortgage to his mother, and we think his estate is entitled in equity to be relieved from any greater burden. We are, therefore, of the opinion that defendant, Henry Morio, holds the mortgage in question as a valid security for $2,000, and for no more.

It appears from the bill and answer, and the records of the orphans' court in evidence, that Elizabeth Morio, the mother, has been adjudged to have in her hands, as executrix of Peter Morio, Sr., the sum of $2,330 25; that she has been ordered to enter security "to protect the persons entitled thereto after her death;" that she has been discharged from her office of executrix for failure to enter such security; 'that she has been ordered to pay over that sum to the administrator, *c. t. a.*, of Peter Morio, Sr., and that proceedings for attachment for contempt in not paying over said amount are now pending in the orphans' court.

It further appears by paragraphs two and three of the bill, admitted by the answer to be true, that under the wills of Peter Morio, Sr., and Peter J. Morio, the present complainant, Theresa A. Morio, will be entitled to the said sum of $2,330 25, upon the death of Elizabeth Morio. Under these circumstances, it would not be equitable to permit Elizabeth Morio to enforce her collection of $2,000 against Theresa, and to put the money in her pocket without security for the compliance with the order of the orphans' court. But, at the same time, it may be that the collection of this debt may be necessary to enable Elizabeth to comply with such order. An injunction will, therefore, be granted against the issue of execution upon the mortgage, until, by entry of security for the application of the money, or in some other mode which counsel may suggest, the reversionary rights of complainant, Theresa Morio, in the estate of Peter Morio, Sr., are secured.

And now, to wit: January 11, 1883, it is ordered, adjudged, and decreed, that the exceptions be dismissed; that Henry Morio, trustee, holds the mortgage in question as a valid security for the sum of $2,000, and accrued interest; that the sheriff's sale be set aside at the costs of plaintiff in the execution; and that said plaintiff be restrained from issuing further execution upon said mortgage until the entry of security for the application of the proceeds of execution, or until the further order of the

Court, and for any greater amount than $2,000 and accrued interest."

Defendants then appealed, and assigned as error the refusal to dismiss the bill and the entry of the above decree.

*Edmund Randall* for appellants.

The bill should have been dismissed, as there was nothing left in it for the consideration of the master or the court. There was no fraud shown, and there was no loss of dower by the mortgage given by the husband, because there is no dower right in such estate: 2 Serg. & R., 556; and if there was such right, plaintiff below waived it by accepting as sole devisee under her husband's will: Reed *v.* Reed; 9 Watts, 263; Kellinger *v.* Reidenhauer, 6 Serg. & R., 531. This claim was, however, abandoned before the master, and a new one urged, to wit: That the mortgage was not the intelligent act of Peter J. Morio.

If the right of contribution existed in this case, the master had no right to award it, as the plaintiff had waived it by not setting up such a claim: Harrisburg Bank *v.* German, 3 Barr, 300; Cutter *v.* Emery, 37 N. H., 577; Mosier's Appeal, 56 Penna., 76; McCormick *v.* Irwin, 11 Casey, 111. The right of contribution does not exist between a donor and a donee. There can be no contribution between coöbligors where one signs at the request of the other: Hendrick *v.* Whittemore, 105 Mass., 23; Cutter *v.* Emery, 37 N. H., 567; Taylor *v.* Savage, 12 Mass., 102; Rosse *v.* Sterling, 4 Dow, 463.

There is no testimony to support the assertion by the Court below that "the parties appear to have treated the life estate and the reversion as equal in value."

The appellee has no interest in the decree of the orphans' court that entitles her to an injunction; but even if she has, the orphans' court can protect all rights.

*J. M. Moyer* for appellee.

The appellee claims no dower right but as devisee under the will of her husband alone. The grounds of relief may be gathered from the pleadings and proofs: Whelan *v.* Whelan, 3 Cow., 537; Darlington's Appeal, 5 Norris, 512.

The bond and mortgage, being two instruments, are but one act, and when one is paid, the other is void. The master found no money consideration to support the mortgage, and had difficulty in pronouncing it a gift. The evidence shows that it was not a gift: McTaggart *v.*

[Morio's Appeal.]

Thompson, 12 Harris, 153; Rambler *v.* Tryon, 7 Serg. &
R., 90; 2 Johns, Ch. 43; 3 Wharton, 422; 8 Wr., 276;
Goodman *v.* Losey; 3 W. & S., 529; Herman on Estop-
pel, sec. 468, 472; Field *v.* Langsdorf, 43 Mo., 32.

Peter J. Morio was not capable of making a deed and
resisting the maternal influence: 6 Harris, 174; 24 P. F.
Sm., 249; L. C as in Eq., 1187; Anderson *v.* Elsworth,
3 Gif., 169; Phillipson *v.* Kerry, 32 Beav., 635; Turner
*v.* Collins, 7 Law Rep. Ch., App., 339; 3 Eng. Ch. R.,
32; 3 Price, 368; 1 Jar. on Wills, 16–18.

The amount of the decree in the orphans' court should
be allowed as a set-off to the judgment on the mortgage:
3 W. & S., 349; 2 Watts, 173; 6 Penna., 37; 3 Yeates,
152; 25 Penna., 352; 7 Serg. & R., 9; 15 *Id.*, 77.

FEBRUARY 18, 1884, the opinion of the Court was deliv-
ered by GREEN, J.:

The object of the bill, in this case, was to set aside the
mortgage given by Peter J. Morio to his mother, on the
ground that it was given to defraud the widow of Peter
J. Morio of her dower in the land bound by the mort-
gage. The averments of the bill all relate to that one
subject, and the prayer for relief was that the mortgage
might be declared fraudulent and void as to the widow.
There was no prayer for general relief, and the prayer for
an injunction is simply to restrain the delivery of a deed
by the sheriff, on the ground that the property was sold
under a judgment obtained on a fraudulent mortgage.

There was nothing in the case, therefore, except the
question of a fraudulent mortgage. There was an allega-
tion of waste, but no prayer to restrain it, and the mas-
ter has made express finding that there was no evidence
to support the charge of waste. He also finds that "the
single ground on which the mortgage is attacked by the
plaintiff fails entirely to be sustained by the testimony."
Having found that there was nothing to sustain the bill, he
says he would have dismissed it, had it not been for the
charge of waste, and then, having found there was no waste,
instead of dismissing the bill, he proceeds to consider a
question which was not raised by the pleadings, and upon
which neither party was heard. Upon that question, he
decides that the mortgage could only be held for $2,000,
because Elizabeth Morio, the mother of the mortgagor,
was a party to it. He infers that she was bound to pay
one half of the mortgage, because she was jointly liable
on the bond and mortgage, and was, therefore, bound to
pay one half of it on the principle of contribution. He

then introduces another subject altogether, equally foreign to the pleadings, to wit: That Elizabeth Morio was executrix of her husband's estate, and had settled her account in the orphans' court, showing a balance of $2,300 in her hands, which he says the counsel for the plaintiff claimed should be applied to the payment of the mortgage. He declines, however, to interfere with the province of the orphans' court in enforcing any decree that court might make, but he recommends a decree setting aside the sheriff's sale of the land in question under the judgment on the mortgage, (though no such relief had been asked,) and a re-assessment of damages in the *sci. fa.* on the mortgage, in accordance with his views on the subject of contribution, although there had been full opportunity to make that defense in that proceeding, and an application to open the judgment on the *sci. fa.* had been made and refused by the court in which it was obtained.

In all this there was clear error on the part of the master. Having found that there was nothing in the testimony to sustain the bill as it was filed, it was his plain duty to report a decree dismissing it. He had no authority to go outside of the bill and raise and decide questions which were not presented by the pleadings, upon which the parties were never heard by testimony or by counsel, and report a decree entirely foreign to the whole subject of the contention before him. The Court below did not adopt the views of the master on the subject of contribution by Elizabeth Morio, but reached the same conclusion upon the theory that the parties to the mortgage must be presumed to have treated the life estate and the reversion as of equal value, and, therefore, that Peter J. Morio's intent could only have been to give one half of the mortgage to his mother. Whether this was so in fact, we will not undertake to decide, because the parties have never been heard upon that question, and there is nothing in the pleadings to raise it. The learned judge of the Court below thought that the decree of the orphan's court for securing the payment of $2,300 in the hands of Elizabeth Morio, as life tenant, should be considered, and, therefore, ordered the sale under the judgment on that mortgage to be set aside, that the mortgage in question should only be held as security for $2,000, and that Elizabeth Morio should be restrained from issuing any further execution on her judgment until the entry of security by her in the orphans' court for the proper application of the proceeds of the execution. We are constrained to say that in our opinion there was no jurisdic-

tion in this proceeding to make any part of this decree. The court in which the judgment on the mortgage was obtained has full power to determine how much was due on the mortgage, and the orphans' court is the proper tribunal to make whatever order may be necessary to enforce its own decree. In any event, such a decree should not be made in a proceeding which did not raise such questions, and as to which the parties were never heard.

Decree reversed and bill dismissed at the costs of the appellee.